*In re* EDWARD J. JEFFRIES HOMES HOUSING PROJECT.
APPEAL OF KAUFMANN.

APPEAL AND ERROR—QUESTIONS REVIEWABLE—EMINENT DOMAIN—
COMMENT OF JUDGE—NEW TRIAL.
    Claim that comments of judge in condemnation proceedings, dur-
    ing colloquy with counsel wherein it was intimated that there
    might be collusion between counsel for city and counsel for
    mortgagee of premises involved, denied property owner a fair
    trial, raised for the first time on appeal, is not considered
    where the remarks were as unfavorable to the city as to the
    defendant, no motion for a new trial was made and the re-
    marks were not of such a grievous nature that an objection
    by counsel would have emphasized their improper effect.

Appeal from Recorder's Court of Detroit; Skill-
man (W. McKay), J. Submitted June 16, 1943.
(Docket No. 46, Calendar No. 42,400.) Decided
October 11, 1943.

Condemnation proceedings by the City of De-
troit to acquire land for the Edward J. Jeffries
Homes Housing Project. From determination of
the jury as to parcel 222, William H. Kaufmann
appeals. Affirmed.

*Paul E. Krause, Clarence E. Page,* and *Walter E.
Vashak,* for petitioner.

*John F. Langs,* for defendant.

Butzel, J. This is a companion case to *In re Edward J. Jeffries Homes Housing Project (Appeal of Collins), ante,* 638.

The appellant in the instant case, William H. Kaufmann, is the owner of parcel 222, consisting of a two-story brick building, located on the south side of Frank street between Sixth and Brooklyn, in the city of Detroit, on a lot 27 feet wide and 88 feet deep. There are two residential flats in the building, each containing seven rooms and bath, with two separate hot-air heating plants in the basement. The rental received by appellant at the time of the hearing was $25 a month for each flat.

Roscoe B. Oberteuffer, a real-estate expert, who testified for the city of Detroit, was of the opinion that the fair market value of the property was $3,700. Appellant's real-estate expert, Arthur A. May, testified that the fair market value of the property was $5,750. The jury awarded appellant damages in the sum of $3,700.

Kaufmann did not seek a new trial and appeals from the verdict rendered on the grounds that he was denied a fair and impartial trial because of prejudicial comments and conduct of the trial judge, and insists that no testimony was introduced by the city which would establish the value of his property based on its highest and best use.

The record discloses the following:

"While Mr. May, witness for the defendant, was on the witness stand during the course of direct testimony which he was giving for the Home Owners' Loan Corporation (Mr. Arthur A. May was the expert witness in the Jeffries housing proceedings not only for the Home Owners' Loan Corporation, but also for the appellant and defendant in this case— likewise, Mr. John F. Langs was attorney for the

Home Owners' Loan Corporation in the Jeffries housing condemnation case and also for the appellant and defendant in this case), it became necessary because of a dispute between the respective counsels for appellant and appellee over the right of the Home Owners' Loan Corporation to put in testimony concerning certain values to call Presiding Judge W. McKay Skillman; he not being present, however, Judge Arthur E. Gordon attended the hearing. There followed this colloquy between the court and counsel:

"*The Court:* What is the rule about the mortgagee's interest; they are not allowed to show their value?

"*Mr. Langs:* I will give you the law.

"*The Court:* Suppose you let me get an answer from this gentleman who is addressing me. When I want something from you, I will tell you.

"*Mr. Langs:* Yes, sir. * * *

"*The Court:* There may be some community of interests, too, between the Home Owners' Loan Corporation and the outfit trying to take this property.

"*Mr. Page:* There isn't. At least I shall answer the judge's statement. As far as the city of Detroit is concerned there is no cooperation between it and the Home Owners' Loan Corporation. As a matter of fact their price is $2,000 more.

"*The Court:* Why should—

"*Mr. Page:* I don't think as they are defendants, as owners of this property, there is not one iota of cooperation, and I will look you and anybody else in the face.

"*The Court:* You don't have to fight with me. I don't like you to raise your voice, I am familiar with your tactics; it doesn't go with me. * * *

"*Mr. Langs:* I would like to state also that there is on the part of the Home Owners' Loan Corporation no cooperation whatever and I would like to have the opportunity of stating our opinion.

"*The Court:* That is perfectly all right.

"*Q.* Now, I will ask you why do you propose to put in any testimony on values where you have only mortgage interest?"

While the remarks made by the trial judge were improper and should not have been made, we do not believe that they were of such a prejudicial nature as to entitle defendant to a new trial. The remarks were as unfavorable to the city as they were to the defendant. The attorney for the city vehemently denied that there was any cooperation between it and the Home Owners' Loan Corporation and the attorney for the Home Owners' Loan Corporation, who was also attorney for defendant, also denied that there was any cooperation whereupon the judge stated: "That is perfectly all right." No exception was taken at the time to the remarks of the judge, nor was there a motion made for new trial on account of improper remarks by the judge. The question is raised for the first time in this court and will not be considered. *LaPointe* v. *Chevrette,* 264 Mich. 482. While it is claimed that the court might nevertheless consider the question if the remarks were of such a grievous nature that an objection might have emphasized their improper effect, we do not find such to be the case.

The award is affirmed, but without costs.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.